**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RAYMOND TREJO,

      Plaintiff,

v.                                                       No. 2:19-cv-00561-WJ-KRS

DEMING PUBLIC SCHOOLS, *et al*.

      Defendants.

**ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Extend Discovery Deadline, (Doc. 65), filed July 17, 2020. Defendants filed a response to the Motion on July 31, 2020. (Doc. 67). Plaintiff has not filed a reply and the time for doing so has passed. Having considered the Motion, response, record of the case, and relevant law, the Court finds the Motion is not well-taken and shall be DENIED.

A party requesting an extension of a scheduling order deadline must make a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955, at *3 (D.N.M.). In general, courts will not find diligence where a party has conducted no discovery during the available discovery period. *See Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1314 (D.N.M. 2010); *Garey-Jones*

*v. LES Louisiana Energy Servs., LLC*, 2015 WL 13667301, at *3 (D.N.M.); *Kuo Chuan Wang v. Sommers*, 2015 WL 13666992, at *3-4 (D.N.M.).  Rulings on discovery matters are within the broad discretion of the trial court.  *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

Here, Plaintiff asks the Court to extend the discovery deadline of August 5, 2020 by sixty days because the pandemic is hindering efforts to schedule depositions.  (Doc. 65) at 1.  Discovery in this case began on July 29, 2019 and the parties have already agreed to two extensions of the original discovery deadline from March 6, 2020, first to May 5, 2020, and then to August 5, 2020.  (Doc. 27); (Doc. 43); (Doc. 53); (Doc. 67) at 1-2.  Defendants state Plaintiff has not served any written discovery on Defendants and did not request any depositions until June 26, 2020.  *Id.* at 2-3.  Defendants further state the four depositions Plaintiff requested were scheduled to take place on August 3 and 4, 2020, and Plaintiff does not state what additional discovery he is requesting.  *Id.* at 3.

Based on the foregoing, the Court finds Plaintiff has not shown due diligence in meeting the discovery deadline.  Plaintiff has had over a year to complete discovery in this case and the discovery deadline has been extended twice.  In addition, Plaintiff did not begin to pursue discovery until June 2020 and does not state what discovery he still seeks.  Therefore, Plaintiff has not made a showing of good cause to extend the discovery deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Discovery Deadline, (Doc. 65), is DENIED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE